

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. Judson Balch
County Attorney
Baylor County
Seymour, Texas

Dear Sir:

Opinion No. 0-3977
Re: Sale of land purchased by a
taxing unit within the two
year period of redemption.

Your letter requesting our opinion in reference
to tax sales by a taxing unit contains three questions
which we will answer in the order presented by you.  Your
first question reads as follows:

"(1) May a taxing unit purchaser of land
at a tax sale, before the period of redemption
has expired, sell at private sale such tax prop-
erty?"

In Opinion No. 0-1939 this department ruled that
the purchasing taxing unit at a tax foreclosure sale could
sell its interest in said property within the redemption
period.  A copy of such opinion is enclosed for your infor-
mation.  As to what interest is thus conveyed we call your
attention to Opinion No. 0-950 of this department in which
we held as follows:

"It is our opinion that a taxing unit pur-
chaser of land at a tax sale may, before the
period of redemption has expired, sell, convey
or assign at private sale its right to receive
the redemption money from the owner, together
with the title which will vest upon failure to
redeem within the statutory period."

Your first question is therefore answered in the
affirmative and a copy of this opinion is also enclosed for
your information.

Your second question reads as follows:

Honorable R. Judson Balch, Page 2

"(2) If a taxing unit does have such authority, what is the kind or character of deed executed by the taxing unit; and who executes the deed for the State, County, City and School, and what is the necessary procedure therefor? For example, if the County has the authority to sell tax property bid in by it at a tax sale before the redemption period expires, and at private sale, who executes the deed in behalf of the County?"

In Opinion No. O-950 this department ruled as follows:

"It is our opinion that the right to receive the redemption money should be conveyed by a quitclaim deed to the land containing an assignment clause by which the grantee is specifically assigned the right to collect the money from the owner and to issue to him a receipt for the same. The statute does not provide that the purchaser shall execute such a receipt but the owner should have the right to demand and receive some evidence in writing that he had redeemed his land within the time and manner provided by law."

As to who should execute the deed it is our opinion that the same should be executed by the governing body of either the county, city or school district. Our enclosed Opinion No. O-1939 prescribes the manner of executing such a deed or assignment in a case where the State is the purchasing taxing unit.

Your third question reads as follows:

"(3) Where a tax deed recites that the property was bid in by the State, County, City and School, is it necessary that all such taxing units join in the execution of the deed where the property is sold at private sale and before the period of redemption has expired?"

Article 7345b, supra, provides that one taxing unit shall purchase the property for itself and for the use and benefit of the other taxing units. However, where the deed recites that the property is sold to the State, county, city and school district it is our opinion that all of said taxing units, as co-owners, would be required to execute a joint deed or assignment to the purchaser.

We trust that the foregoing fully answers your inquiry.

APPROVED OCT 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Billy Goldberg
Assistant

BG:LM

ENCLOSURE


APPROVED
OPINION COMMITTEE
BY ___ CHAIRMAN